**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**MOISES GROSSETE**,

Plaintiff,

vs. No. **CIV 06-634 MCA/DJS**

**CITY OF ALBUQUERQUE**
**OPEN SPACE POLICE DEPARTMENT**,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on *Plaintiff's Motion to Request Reconsideration and Amendment of Judgment of the Court's Order and Memorandum Opinion* [Doc. 40] filed on October 1, 2007. Having reviewed the pleadings and evidence of record, the relevant law, and otherwise being fully advised in the premises, the Court denies Plaintiff's motion for the reasons set forth below.

The history of this litigation is set forth in the *Memorandum Opinion and Order* [Doc. 37] filed on September 28, 2007. As result of that ruling, the Court entered a *Final Order* [Doc. 38] granting summary judgment in Defendant's favor, dismissing Plaintiff's federal claims with prejudice, and dismissing his state-law claims without prejudice. On October 1, 2007, Plaintiff filed a *Motion to Request Reconsideration and Amendment of Judgment of the Court's Order and Memorandum Opinion* [Doc. 40], as well as a belated *Response to Defendant's Motion for Summary Judgment* [Doc. 39]. In his motion to reconsider, Plaintiff contends that his opposing counsel consented to an extension of time until October 1, 2007,

for him to respond to *Defendant's Motion for Summary Judgment* [Doc. 31], and therefore the Court should not have treated the facts listed in that motion as undisputed pursuant to Fed. R. Civ. P. 56 and D.N.M. LR-Civ. 56.1. Plaintiff's motion did not, however, request permission from the Court to extend the deadline for filing his response or grant leave to file that response out of time.

Computing the time in accordance with Fed. R. Civ. P. 6(a), Plaintiffs' *Motion to Request Reconsideration* [Doc. 40] was filed within ten days of the entry of judgment. "'[R]egardless of how it is styled or construed ..., a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion.'" Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting Vreeken v. Davis, 718 F.2d 343, 345 (10th Cir.1983)). Grounds warranting relief under this rule "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir.1995)); see Phelps, 122 F.3d at 1324. A motion under Fed. R. Civ. P. 59(a) does not, however, provide a valid basis "to revisit issues already addressed or advance arguments that could have been raised in prior briefing," or "to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Servants of Paraclete, 204 F.3d at 1012; accord 11 Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d* § 2810.1, at 127-28 (1995).

In this case, Plaintiff does not allege an intervening change in the controlling law, and the "evidence" he submits with his belated response to Defendant's summary-judgment motion consists of information that already was available to him before Defendant's summary-judgment motion was filed. Specifically, Plaintiff cites (1) excerpts from his own deposition testimony taken in July 2007 [Ex. B to Doc. 39], many of which were previously included with Defendant's motion papers [Ex. B, F, J, K, M, P, Q, S, U to Doc. 32]; (2) a letter from Plaintiff's counsel dated February 3, 2006, containing a number of inadmissible hearsay statements which the Court cannot consider for the truth of the matter asserted [Ex. C to Doc. 39]; (3) another letter from Plaintiff's counsel with a handwritten date of "3-24-06" containing additional hearsay statements [Ex. D to Doc. 39]; and (4) a "dismissal and notice of rights" form dated April 24, 2006. [Ex. E to Doc. 39.]

Lacking any new evidence or citation to a change in the controlling law, Plaintiff can prevail on his Rule 59(e) motion only by demonstrating a need to correct clear error or prevent manifest injustice. See Servants of Paraclete, 204 F.3d at 1012. For two basic reasons, however, the Court concludes that Plaintiff has failed to demonstrate such a need.

First, the fact that Defendant's counsel agreed to extend the time for filing Plaintiff's response brief until October 1, 2007 [Ex. A to Doc. 39], does not mean that the Court clearly erred or committed a manifest injustice when it issued its ruling on Defendant's summary-judgment motion on September 28, 2007, without knowledge of that agreement. Regardless of opposing counsel's position on the issue, Plaintiff was required to show good cause for granting such a lengthy extension of time and obtain Court approval before that extension

would have any legal effect on the timing of the Court's ruling. A review of the record indicates that Plaintiff failed to make a showing of good cause or obtain Court approval for an extension of time until October 1, 2007, to file his response.

The Court entered an *Initial Pretrial Report* [Doc. 19] on February 6, 2007, setting a discovery deadline of May 21, 2007, and a pretrial motions deadline of August 6, 2007. The *Initial Pretrial Report* also set a pretrial conference date of November 6, 2007, and a trial date of December 11, 2007. Because Plaintiff failed to appear at his deposition scheduled for May 15, 2007 [Doc. 29-2], the discovery deadline was extended to July 31, 2007, in order to complete this task, and the pretrial motions deadline was extended to August 20, 2007. These extensions were accomplished by means of a *Stipulated Order* [Doc. 30] entered by the Magistrate Judge on July 12, 2007.

Despite Plaintiff's delay in fulfilling his obligation to appear for his deposition, Defendant filed its *Motion for Summary Judgment* [Doc. 31] in a timely manner on August 17, 2007, and the Court then confirmed the previously scheduled pretrial conference and trial dates in an *Amended Minute Order* [Doc. 35] filed on September 7, 2007. Under D.N.M. LR-Civ. 7.6, Plaintiff's response to Defendant's summary-judgment motion was due fourteen (14) calendar days after service of that motion.

Pursuant to the Court's Case Management/Electronic Case Filing System (CM/ECF), electronic filing is mandatory for counsel, and they receive a notice of electronic filing (NEF) via e-mail within moments of when a document is so filed. Plaintiff makes no claim that there was any unusual day in the service of Defendant's motion in this case. Nevertheless,

even if one assumed that Plaintiff did not receive notice of Defendant's motion until the following Monday, August 20, 2007, Plaintiff's response was due no later than Tuesday, September 4, 2007. Plaintiff did not timely notify the Court that the parties had agreed to extend the response deadline, and he never filed a timely motion with the Court seeking leave to extend that deadline.

While D.N.M. LR-Civ. 7.6(a) provides that the time periods for responses and replies can be extended by agreement of all parties in certain circumstances, this rule also specifies that: "An extension of briefing time must not interfere with established case management deadlines." If there is any doubt as to whether the requested extension will cause such interference, the better practice is to treat it as a motion to modify the established case management deadlines under D.N.M. LR-Civ. 7.2, which states that: "A non-dispositive motion which alters or affects case management deadlines requires approval of the assigned Magistrate Judge, as provided in D.N.M. LR-Civ. 16.1." The latter rule further states that: "Modification of deadlines in the Court's scheduling orders and trial notices, *whether or not opposed*, requires a showing of good cause and Court approval." (Emphasis added.)

In this context, "'[t]he primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements.'" Rowen v. State of N.M., 210 F.R.D. 250, 252 (D.N.M. 2002) (quoting Bradford v. Dana Corp., 249 F.3d 807, 809 (8th Cir. 2001)). The question is whether the existing response deadline "'cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th

Cir.1992)). Prejudice to the opposing party is also a factor to be considered. See Leary v. Daeschner, 349 F.3d 888, 907-08 (6th Cir. 2003).

The "good cause" standard applies here because expanding the response time to approximately six weeks, from August 17, 2007, until October 1, 2007, would interfere with the Court's case-management deadlines set forth in the *Initial Pretrial Report* and trial notice. Given the need to afford the Defendant an additional 14 days to file a reply to Plaintiff's response, such a lengthy extension of the response time would not "permit the Court reasonable time to hear arguments, if granted, and to consider the merits" before the previously scheduled pretrial conference date, when the focus of the litigation shifts to trial preparation. D.N.M. LR-Civ. 56.1(a). The time for briefing and ruling on Defendant's motion for summary judgment already was compressed due to Plaintiff's earlier failure to appear for his deposition, which had moved the briefing schedule for dispositive motions closer to the previously scheduled pretrial conference and trial dates.

Under these circumstances, Plaintiff has given the Court no good reasons why, with a diligent effort on his part, he could not have filed his response before the Court issued its ruling on September 28, 2007. As noted above, the evidence he relied upon in his belated response of October 1, 2007, was available to him before Defendant's summary-judgment motion was even filed, and he cites no change in the controlling law that occurred between the filing of Defendant's motion and the date of the Court's ruling. The Court had already waited approximately six weeks for a response before issuing its ruling on September 28, 2007, and the mere fact that Defendant's counsel had agreed to wait a few days longer until

October 1, 2007, does not demonstrate that there was good cause for such a lengthy delay. Lacking good cause for this delay, the Court was not required to await the belated filing of Plaintiff's response in order to avoid clear error or manifest injustice in ruling on Defendant's summary-judgment motion.

The second reason why Plaintiff's Rule 59(e) motion lacks merit is that the law and evidence cited in the response to Defendant's summary-judgment motion that Plaintiff belatedly filed on October 1, 2007, does not create a disputed issue of material fact that would substantively alter the analysis provided in the Court's *Memorandum Opinion and Order* [Doc. 37] filed on September 28, 2007. As previously noted, the hearsay statements contained in the letters from counsel attached to Plaintiff's response brief [Ex. C, D to Doc. 39-3] are not admissible for the truth of the matters asserted and therefore cannot be considered for that purpose in ruling on a motion for summary judgment. See Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995). Further, the Court cannot rely on the conclusory, self-serving statements in Plaintiff's deposition testimony [Ex. B to Doc. 39-2] to support his assertion that there existed other similarly situated employees who were treated differently. See Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995).

Thus, even if the Court had reviewed Plaintiff's belated response brief and the exhibits attached to it in search of disputed issues of material fact, instead of simply deeming Defendant's version of the facts undisputed by virtue of D.N.M. LR-Civ. 56.1(b), the Court still would have reached the same ultimate conclusion that Plaintiff failed to come forward with admissible evidence of discrimination or retaliation under the burden-shifting

framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), and the summary-judgment procedure articulated in Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670-71 (10th Cir. 1998). Plaintiff's failure to raise a disputed issue of material fact in his belated response thus provides an alternative grounds on which to deny his motion to reconsider.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Request Reconsideration and Amendment of Judgment of the Court's Order and Memorandum Opinion* [Doc. 40] is **DENIED**.

**SO ORDERED**, this 28th day of January 2008, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge